**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ALEXANDER MARTINEZ,<br><br>     Petitioner,<br><br> v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>     Respondent. | No. 14-72548<br><br>Agency No. A094-811-889<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 14, 2017[**]
San Francisco, California

Before: KOZINSKI and FRIEDLAND, Circuit Judges, and ARTERTON,[***] District Judge.

Jose Alexander Martinez, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order upholding the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.    Substantial evidence supports the IJ and BIA's determination that Martinez failed to establish materially changed circumstances affecting his eligibility for asylum that might excuse his untimely application. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)(i); *Sumolang v. Holder*, 723 F.3d 1080, 1082-83 (9th Cir. 2013) (reviewing that determination for substantial evidence). Although the evidence Martinez submitted may establish that the circumstances that prompted him to leave El Salvador are still present, it does not show that circumstances changed or worsened in a way that would materially affect his eligibility for asylum.

2.    Substantial evidence likewise supports the IJ and BIA's determination that Martinez failed to establish that he was persecuted or fears persecution on account of a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i) (asylum), 1231(b)(3)(A) (withholding of removal). The BIA did not err in concluding that neither of the proposed social groups Martinez claimed membership in is legally cognizable. The first is too loosely defined to satisfy the requisite "particularity" requirement, *Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (holding that proposed social group of "young men in El Salvador resisting gang

2

violence" was "too loosely defined to meet the requirement for particularity"), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013). The second lacks "a common immutable characteristic," *Matter of Acosta*, 19 I. & N. Dec. 211, 233-34 (BIA 1985) (explaining that proposed social group of Salvadoran taxi drivers lacked a common immutable characteristic because individuals can change jobs and working in a job of choice is not a fundamental characteristic).

3. To the extent Martinez sought relief based on an "actual or imputed anti-gang opinion," he has abandoned that claim by failing to raise it in his opening brief. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). In any event, "general aversion to gangs does not constitute a political opinion for asylum purposes." *Santos-Lemus*, 542 F.3d at 747; *see also Barrios v. Holder*, 581 F.3d 849, 856 (9th Cir. 2009) (holding that gang victimization for "economic and personal reasons" did not occur "on account of a political opinion" for purposes of an asylum claim).

4. Substantial evidence also supports the IJ and BIA's determination that Martinez is not entitled to CAT protection because he has not established a likelihood of torture by, "at the instigation of, or with the consent or acquiescence of" the Salvadoran government. *Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007).

3

**PETITION FOR REVIEW DENIED.**